**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAREN ZAHARATOS,

     Plaintiff,

v.                                                                Case No. 8:26-cv-603-TPB-AEP

CAPITAL ONE, N.A.,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This matter comes before the Court on "Plaintiff's Motion to Remand to State Court," filed by Plaintiff *pro se* on March 13, 2026.   (Doc. 9).   Defendant filed a response in opposition to the motion on March 25, 2026.   (Doc. 12).   Based on the motion, response, the court file, and the record, the Court finds as follows.

**Background**

Plaintiff initially filed this action in the Sarasota County Court, and it was subsequently removed to this Court.   This motion to remand involves the issue of whether Plaintiff's claim arises under federal law thereby making it subject to removal.

In her amended statement of claim, Plaintiff asserts a claim against Defendant for breach of an agreement between them governing Plaintiff's Capital One credit card account (the "Agreement").   *See* (Doc. 1-3 at p. 47-50, hereinafter the "complaint").   The complaint alleges that Plaintiff paid a merchant for promised services using her credit card, but the merchant failed to provide the

services.   (*Id*. at ¶¶ 8-12).   Plaintiff alleges that she notified Defendant that she disputed the merchant's charges, but Defendant breached the Agreement by failing to conduct a reasonable investigation of the dispute, initially removing the charges by means of temporary credits to Plaintiff's account, but then later reversing the credits.   (*Id*. at ¶¶ 14-19).

The complaint is ambiguous regarding the source of the duty to conduct a reasonable investigation.   In one place, it alleges that the "Disputed Transactions" section of the Agreement "and" certain "incorporated" *documents*, specifically Truth-in-Lending Disclosures and a Billing Rights Summary, obligated Defendant to conduct a reasonable investigation of billing disputes, "consistent" with the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, and Regulation Z, 12 C.F.R. § 1026.13.   (*Id*. at ¶ 19a).   Elsewhere in the complaint, Plaintiff alleges that the incorporated documents "include rights and obligations under" the FCBA and Regulation Z, and that those federal law provisions require Defendant to conduct a reasonable investigation of billing disputes.   *See* (*id*. at ¶¶ 6, 7).   The complaint does not explain precisely how the referenced documents "include" these federal rights and obligations.

The "Disputed Transactions" section of the Agreement, a copy of which is attached to Defendant's motions to dismiss the complaint filed in state court and in this Court, does not refer to federal law or expressly incorporate anything.   It states only, in relevant part:

> You must inspect each *Statement* you receive.   Tell us about any
> errors or questions you have, as described in the "Billing Rights

> Summary" on your *Statement* and other *Truth-in-Lending Disclosures*.
> If you do not notify us of an error, we will assume that all information
> on the *Statement* is correct.

(Doc. 1-3, at p. 20).    The parties have not provided the Court with copies of the

Billing Rights Summary or "other Truth-in-Lending Disclosures" or quoted or

described the relevant provisions of these documents.    Therefore, the precise

relationship between Plaintiff's breach of contract claim and any provision of federal

law remains unclear.

Nevertheless, based on the complaint's references to federal law, Defendant

removed the action to this Court, alleging that Plaintiff's claim, although couched as

a breach of contract, is "premised on FCBA and Regulation Z misconduct."    *See*

(Doc. 1, at p. 4).    Plaintiff has moved to remand the action to state court, arguing

that the case does not arise under federal law and this Court therefore lacks subject

matter jurisdiction.

## Legal Standard

The removing defendant bears the burden of establishing federal jurisdiction,

and any doubt as to the propriety of removal should be resolved in favor of remand.

*See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

Removal statutes are strictly construed against removal.    *Shamrock Oil & Gas

Corp. v. Sheets*, 313 U.S. 100, 108 (1941).    "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."    28 U.S.C. § 1447(c).

## Analysis

Removal of an action is authorized where the federal district court has original jurisdiction of the plaintiff's claim.   28 U.S.C. § 1441(a).   Diversity of citizenship is not alleged as a basis for the Court's jurisdiction in this case. Defendant therefore must show that Plaintiff's claim arises under federal law, that is, that it arises under the Constitution, laws, or treaties of the United States.   *See* 28 U.S.C. § 1331.

Claims "arise under" federal law in one of two ways.   *Gunn v. Minton*, 568 U.S. 251, 257 (2013).   First, and most often, a claim "arises under" federal law when federal law creates the cause of action asserted.   *Id.*   Plaintiff's complaint, however, is for breach of contract, which is a state law cause of action.   *See, e.g.*, *Heron v. Rappa*, No. 3:11-cv-423-J-34TEM, 2012 WL 2589231, at *9 (M.D. Fla. Feb. 6, 2012) ("A breach of contract is a state law claim[.]"), *report and recommendation adopted*, 2012 WL 2586223 (M.D. Fla. July 3, 2012); *see also Utah Hous. Corp. v. Country Pines, Ltd.*, 541 F. Supp. 3d 1288, 1295 (D. Utah 2021) (noting that a claim for breach of contract is a "hornbook example" of a state law cause of action rather than one created by federal law); *State ex rel. Nixon v. Prudential Health Care Plan, Inc.*, No. 4:00CV8 ERW, 2000 WL 33952258, at *2 (E.D. Mo. Apr. 13, 2000) ("As master of its complaint, Plaintiff has characterized it as a breach of contract, a cause of action not specifically created by federal law."); *Gearheart v. Elite Ins. Agency, Inc.*, No. 15-103-ART, 2016 WL 81766, at *2 (E.D. Ky. Jan. 7, 2016) ("Given

that Gearheart pled only simple negligence and breach of contract, one would think that the defendants would concede that her causes of action were not 'created by' federal law. . . . Gearheart's claims for negligence and breach of contract are textbook examples of causes of action created by state law, not federal law."). In short, federal law does not create Plaintiff's cause of action. Defendant does not argue that it does.[1]

Second, in a "special and small category" of cases, a state law cause of action involving a federal issue may be deemed to "arise under" federal law where four requirements are met. *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

---

[1] Defendant argues that the complaint's references to federal law and to the Agreement's purported incorporation of federal law as a basis for the obligation to conduct a reasonable investigation dictate that the action "actually and entirely arises out of federal law" even though Plaintiff framed the action as one for breach of contract, but Defendant cites no authority supporting this contention. Defendant cites *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 385 (2016), for the proposition that the term "arising under" as used in Article III of the Constitution has been construed "quite broadly" to create federal jurisdiction whenever a federal question is "an ingredient" of the action. But *Manning* itself makes clear that federal court jurisdiction does not extend as far as Article III would allow. *Id.* District court jurisdiction is further limited by statute, specifically, 28 U.S.C. § 1331. *Id.* Despite using the same "arising under" language used in Article III, § 1331 has been interpreted to impose a "narrower" scope for federal jurisdiction based on the statute's "history[,] the demands of reason and coherence, and the dictates of sound judicial policy." *See id.* (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 379 (1959)). As discussed herein, jurisdiction under § 1331 is limited to cases in which either (1) federal law creates the cause of action or (2) a non-federal claim necessarily presents a disputed and substantial issue of federal law. *See Gunn*, 568 U.S. at 257-58.

The "substantiality" requirement does not look to the importance of the issue to the parties or to resolution of the specific dispute presented but instead looks to "the importance of the issue to the federal system as a whole." *Id.* at 260. As the Eleventh Circuit has observed, three factors assist in determining substantiality: (1) whether the issue is a pure question of law, as opposed to an issue that is "fact-bound and situation-specific;" (2) relatedly, whether resolution of the issue will control many other cases; and (3) whether the government is a party and therefore has a strong interest in litigating in a federal forum. *See AST & Sci. LLC v. Delclaux Partners SA,* 143 F.4th 1249, 1253-55 (11th Cir. 2025), *cert. denied,* 146 S. Ct. 370 (2025).

Defendant argues that Plaintiff's contract claim presents two substantial federal issues. First is whether the facts alleged constitute a dispute regarding a "billing error" under the FCBA and Regulation Z. Assuming this issue is "necessarily" presented by the allegations of the complaint, which is far from clear, Defendant has failed to show that it meets the other requirements set forth above. In fact, it is unclear precisely what Defendant claims is disputed. Plaintiff alleges, among other things, that she was charged for services that were not provided to her, and this appears to fall squarely within the scope of a "billing error" as defined by the FCBA, 15 U.S.C. § 1666(b)(3), and Regulation Z, 12 C.F.R. § 1026.13(a)(3). Defendant offers no argument why it does not. Tellingly, Defendant raises no issue as to the meaning of "billing error" in its motion to dismiss the complaint. *See* (Doc. 18). Defendant therefore has failed to show the issue is actually disputed.

Since it is unclear precisely what the disputed issue is, Defendant has also necessarily failed to show the issue is substantial in the sense described above.

The second federal issue Defendant proposes is whether it conducted a reasonable investigation of the alleged billing error raised by Plaintiff.   While this issue appears to be disputed, it is "fact-bound and situation-specific," and, as such, is not one of importance to the federal system as a whole.   *See Empire Healthchoice,* 547 U.S. at 700 (holding that "fact-bound and situation-specific" issue was not of importance to the federal system and therefore not substantial).   It is not a "pure question of law" as to the meaning of any federal statute or regulation, which is the type of issue courts have recognized as potentially presenting a substantial federal question.   *See id*. at 681; *AST*, 143 F.4th at 1254*; MDS (Canada) Inc. v. Rad Source Techs., Inc.,* 720 F.3d 833, 842 (11th Cir. 2013) ("[A] pure question of law is more likely to be a substantial federal question.")

Once again, Defendant's motion to dismiss is revealing, as the parties' arguments on this issue lack any substantial discussion as to the meaning of a federal statute or regulation.   In fact, Defendant's motion to dismiss affirmatively argues that the FCBA does not define what constitutes a reasonable investigation. *See* (Doc. 18, at 7).   Defendant has therefore failed to show that the Court's resolution of the fact-specific issue would be important to the federal system as a whole.

Defendant has failed to demonstrate that Plaintiff's cause of action is created by federal law or necessarily involves a disputed and substantial question of federal

law.   This Court lacks subject matter jurisdiction over Plaintiff's claims, and Plaintiff's motion to remand will be granted on that ground.   As a result, the Court does not reach Plaintiff's alternative argument that Defendant waived its right to remove or Plaintiff's alternative request to be allowed to amend her complaint to delete the references to federal law.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion to Remand to State Court" (Doc. 9) is **GRANTED**.

2. This case is **REMANDED** to the County Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

3. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 28th day of May, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE